IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>GREGORY S. HAMPTON,<br><br>                Defendant. | ORDER<br><br>15-cr-135-bbc-1 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of defendant Gregory S. Hampton's supervised release was held on March 21, 2018, before U.S. District Judge Barbara B. Crabb. The government appeared by Robert A. Anderson; defendant was present in person and by counsel, Kelly S. Welsh. Also present was U.S. Probation Officer Jelani Brown.

From the record, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on March 9, 2016, following his conviction for possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 24 months, to be followed by a three-year term of supervised release. A $100 criminal assessment penalty was also imposed;

1

however, defendant has made no payment despite signing a plea agreement indicating that the assessment would be paid at or before sentencing. On July 31, 2017, defendant began his term of supervised release.

Defendant violated Standard Condition No. 1, which prohibits him from leaving the judicial district in which he is being supervised without the permission of the court or probation office. On February 3, 2018, he was cited by the Illinois State Police in Cook County, Illinois, for improper lane change. He had not been given permission to leave the Western District of Wisconsin.

Defendant violated Standard Condition No. 9 of his supervised release when he failed to notify his probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. On February 2, 2018, defendant was questioned by law enforcement regarding an incident that occurred in Monona, Wisconsin. He failed to notify his probation officer of the police contact. The topic was addressed when he was questioned by his probation officer about the incident on February 15, 2018.

Ordinarily, in a situation in which a defendant has violated two standard conditions of release, I would impose some sort of penalty on him, which might include a period of time in which to reside in a residential reentry center. In this instance, however, defendant has secured a long-term residence and made the first month's rent payment and, in addition, has arranged to work longer hours at a cleaning company. Therefore, I will postpone for two months any action on the petition for judicial review filed by the probation office, or until May 23, 2018, at 1:00 p.m. If, during this two-month period, defendant shows that he can

maintain both his job and his new living arrangement, I will consider dismissing the probation office's petition. If, however, defendant is unable to maintain his job and living arrangement, it is probable that I will impose additional conditions of supervision or other restrictions.

ORDER

IT IS ORDERED that action on the probation office's motion for judicial review of defendant Gregory S. Hampton's release will be held in abeyance until May 23, 2018, unless the probation office determines that defendant is not complying with the conditions of his release, in which case an expedited hearing will be scheduled before the court.

Entered this 21st day of March, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge